

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTONIO DE JESUS RAMIREZ-OLVERA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-970-A |
| | § | (NO. 4:14-CR-133-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for decision the motion of Antonio De Jesus Ramirez-Olvera ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the government's response, and pertinent parts of the record in Case No. 4:14-CR-133-A, styled "United States of America v. Ramirez-Olvera," the court has concluded that such motion should be denied.

I.

Background

On July 11, 2014, movant entered a plea of guilty to possession of controlled substance with intent to distribute. CR Doc.[1] 59. Movant's advisory guideline range was 360 to 480 months imprisonment, and on November 14, 2014, the court sentenced him to a term of 240 months' imprisonment and four years of

---

[1] The "CR Doc. __" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal case, No. 4:14-CR-133-A.

supervised release. CR. Doc. 48. Movant appealed his sentence and the sentence was affirmed. <u>United States v. Ramirez-Olvera</u>, 804 F.3d 700 (5th Cir. 2015).

The government does not dispute that movant has timely filed his motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

### III.

### Grounds of the Motion

As best as the court can tell, movant asserts two grounds in support of his motion. Doc.[2] 1 at 6. The grounds and supporting facts, as stated by movant, are as follows:

Ground One: Ineffective assistance of counsel.

Supporting FACTS: My counsel appeal was filed but no was clearly in the assistance, no want meet with the attorney, I need talk with him for explain as was this crime.

\* \* \* \* \* \*

Ground Two: Outrageous Government Conduct.

Supporting FACTS: The Government created a false crime, of fictious drugs, a non-existant stash house. Idon't plan the crime.I only was messenger of the drugs, one side to other side with the container . . .

Doc. 1 at 6.

---

[2] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:15-CV-970-A.

IV.

## Analysis

A. <u>Pertinent Legal Principles</u>

   1. <u>Legal Standard for 28 U.S.C. § 2255</u>

   After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-65 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991).

   Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

   2. <u>Legal Standard for Ineffective Assistance of Counsel</u>

3

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u> <u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." <u>Strickland</u>, 466 U.S. at 697; <u>see also</u> <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 189 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Stated differently, the question is whether counsel's representation amounted to incompetence under
4

prevailing professional norms and not whether it deviated from best practices or most common custom. <u>Premo v. Moore</u>, 562 U.S. 115, 122 (2011).

B. <u>The Grounds of the Motion are Without Merit</u>

1. <u>Ground One</u>

Movant's ineffective assistance of counsel claim is based on allegations that movant's counsel did not attack what movant claims is a made up scheme with fake drugs as described above as the "Outrageous Government Conduct," threatened him that if he did not sign a plea agreement and went to trial that he would be sentenced to 50 years imprisonment, and that counsel was always sarcastic, threatening, and never hardworking. Doc. 3 at 5-6. In addition, movant is alleging that counsel was ineffective on appeal. Doc. 1 at 6.

Movant's claims are nothing more than conclusory allegations which cannot sustain a claim for ineffective assistance of counsel. See <u>Ross v. Estelle</u>, 694 F.2d 1008, 1012 (5th Cir. 1983). Merely stating that the crime is a made up scheme and that he would not have entered a plea of guilty absent ineffective assistance of counsel will not suffice to establish an ineffective assistance of counsel claim. See <u>United States v. Holmes</u>, 406 F.3d 337, 361 (5th Cir. 2005). Furthermore, an ineffective assistance of counsel claim cannot be based on "an

5

attorney's failure to raise a meritless argument." See <u>United States v. Kimbler</u>, 167 F.3d 889, 893 (5th Cir. 1999) (citations omitted). Here there was plenty of evidence, including movant's signed factual resume, indicating that this was not a made up scheme. CR. Doc. 20; CR. Doc. 26. In addition, counsel made seven objections to the presentence report, including objections regarding movant's role in the offense and the "stash house." CR. Doc. 32; CR. Doc. 33; CR. Doc. 40. Movant's counsel also filed a motion for sentence below the guidelines. CR. Doc. 34. Finally, movant was sentenced to 240 months' imprisonment which is 120 months below the guideline range.

Movant also contends that he requested a new attorney and the court denied such request to support his ineffective assistance of counsel claim. Doc. 3 at 6. During the rearraignment hearing, movant expressed dissatisfaction with his attorney. CR Doc. 59 at 5-8 & 31-33. However, after discussing the issues further, the court explained that movant had not shown that he had a legitimate complaint regarding counsel. CR. Doc. 59 at 5-8 & 31-32. It appears that movant's primary concern was not with counsel's representation but with the potential length of his sentence. CR. Doc. 59 at 5-8 & 30-33. The court explained to movant that if he entered a plea of guilty he would be sentenced within the range of 5 to 40 years imprisonment and that he would

not be able to withdraw such plea. CR. Doc. 59 at 32-35. Movant chose to enter a plea of guilty after this explanation. CR. Doc. 59 at 33-34.

Finally, as to movant's claims regarding his appeal, this allegation amounts to nothing more than a conclusory allegation. Doc. 1 at 6. Movant has provided no information to explain this claim. In any event, movant cannot raise claims that it could have raised on appeal with a motion under § 2255. Davis, 417 U.S. at 345. To the extent that this is an ineffective assistance of counsel claim, movant has failed to show that counsel was ineffective. See Strickland, 466 U.S. at 687.

    2.    Ground Two

Movant's second claim is that "[t]he Government created a false crime, of fictious drugs, a non-existant stash house. Idon't plan the crime.I only was messenger of the drugs, one side to other side with the container." Doc. 1 at 6 (errors in original). Movant's claims are not supported by the record. Movant not only entered a plea of guilty, he signed a factual resume that stated he was guilty of possession of a controlled substance with intent to distribute and stipulated to facts that supported his conviction. CR Doc. 20. In addition, the factual resume stated the penalty for such crime was imprisonment of not less than 5 years and not more than 40 years and he was sentenced

within that range. CR. Doc. 2o. At his rearraignment hearing, movant stated that prior to signing the factual resume he read, understood, and discussed the legal meaning of the document with counsel. CR Doc. 59 at 27-36. The factual resume was read aloud and movant testified that the facts set forth in the factual resume were true. CR Doc. 59 at 27-36.

Movant was also found in possession of methamphetamine and consented to a search of his house wherein methamphetamine, as well as, a firearm and drug proceeds were found. CR. Doc. 26 at 3-5. Following his arrest, movant admitted to delivering methamphetamine from Mexico. CR. Doc. 26 at 5. Thus, movant's claim that the government created a fictitious crime and fake drugs is clearly contradicted by the record.

As to the non-existent "stash house", the court accepted movant's objection to the characterization of his home as a "stash house" at his sentencing hearing. CR. Doc. 32 at 4-5; CR. Doc 40 at 4; CR. Doc. 60 at 9-10. Thus, the "stash house" was not used to calculate his recommended sentence. In addition, as to his claims that he was only a messenger, movant was not found to be a major or minor participant in the offense so his recommended sentence calculation was unaffected by his role in the offense. CR. Doc. 26 at 7. Again, ample evidence existed to conclude that movant played more than a minimal role in the offense. Movant's

conclusory allegations will not sustain a claim under § 2255. See Ross v. Estelle, 694 F.2d t 1012.

V.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED February 12, 2016.

_____
JOHN McBRYDE
United States District Judge